IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| KATHRYN JOY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **Case No.:** |
| ) | |
| ATLANTIC COLLECTION AGENCY, ) | **COMPLAINT AND DEMAND FOR** |
| ) | **JURY TRIAL** |
| Defendant. ) | |
| ) | **(Unlawful Debt Collection Practices)** |

## COMPLAINT

KATHRYN JOY (hereinafter "Plaintiff"), by and through her attorneys, ANGELA K. TROCCOLI, ESQUIRE and KIMMEL & SILVERMAN, P.C., alleges the following against ATLANTIC COLLECTION AGENCY ("Defendant"):

### INTRODUCTION

1.   Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### JURISDICTION AND VENUE

2.   Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3.   Defendant conducts business in the State of Connecticut, and therefore, personal jurisdiction is established.

4.   Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

5. Plaintiff is a natural person residing in Uncasville, Connecticut 06382.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. In the alternative, Plaintiff is a person granted a cause of action under the FDCPA. See 15 U.S.C. §1692k(a) and Wenrich v. Cole, 2000 U.S. Dist. LEXIS 18687 (E.D. Pa. Dec. 22, 2000).

8. Defendant, Atlantic Collection Agency, is a debt collection company with its mailing address located at 194 Boston Post Road, East Lyme, Connecticut 06333.

9. Defendant collects, and attempts to collect, consumer debts incurred, or alleged to have been incurred, for personal, family or household purposes on behalf of creditors and debt buyers using the U.S. Mail, telephone and/or internet.

10. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and contacted Plaintiff in its attempts to collect a consumer debt.

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

12. At all relevant times herein, Defendant contacted Plaintiff in its attempts to collect an alleged consumer debt.

13. The alleged debt at issue, a Lawrence and Memorial Hospital medical bill, arose out of transactions, which were primarily for personal, family, or household purposes.

14. Plaintiff never incurred any debt in connection with a business or commercial activities, and therefore, the debt if truly an obligation owed by her, arose from a finical obligations for primarily personal, family, or household purposes.

15.     Beginning in or around October 2014, and continuing through late February 2015, Defendant repeatedly contacted Plaintiff in its attempts to collect a consumer debt.

16.     Defendant contacted Plaintiff by calling her home telephone number.

17.     Plaintiff's husband suffers from terminal cancer and requires an overly calm domestic environment.

18.     Accordingly, it was very upsetting for Plaintiff to receive repetitive calls from Defendant on her home telephone, as it disturbed the quiet and solitude of her home and disturbed her husband.

19.     On more than one occasion, Plaintiff spoke with Defendant and informed them of her husband's critical condition and requested for all telecommunications to the home telephone to cease.

20.     Further, Plaintiff told Defendant that she was unable to make payment at that time given mounting medical costs for her husband's care.

21.     Defendant, however, failed to update its records to stop calls to Plaintiff's home telephone.

22.     Rather, Defendant persisted in calling Plaintiff on her home telephone knowing that it was an inconvenient place for her to receive collection calls as well as that she did not have the means to make payment.

23.     Defendant's actions as described herein, were taken with intent to harass, oppress, and otherwise abuse Plaintiffs in connection with the collection of a debt.

## DEFENDANT VIOLATED THE
## FAIR DEBT COLLECTION PRACTICES ACT
## COUNT I

24. Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. § 1692c(a)(1).

    a. A debt collector violates § 1692c(a)(1) by contacting a consumer at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer.

    b. Here, Defendant violated § 1692c(a)(1) of the FDCPA when it called Plaintiff's home telephone after being advised its calls were disruptive and inconvenient.

## COUNT II

25. Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. § 1692d.

    a. Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequences of which is to harass, oppress or abuse any person in connection with the collection of a debt.

    b. Defendant violated § 1692d of the FDCPA when they called continued to call Plaintiff on her home telephone after being told to stop calling and that she did not have the money to pay the alleged debt.

## COUNT III

26. Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. § 1692f.

    a. A debt collector violates § 1692f of the FDCPA by using unfair or unconscionable means to collect or attempt to collect any debt.

    b. Here, Defendant violated § 1692f of the FDCPA engaging in other unfair

and unconscionable debt collection practices, including failing to update its records to stop calls to Plaintiff's home telephone.

WHEREFORE, Plaintiff, KATHRYN JOY, respectfully prays for a judgment as follows:

    a.    All actual damages suffered pursuant to 15 U.S.C. §1692k(a)(1);

    b.    Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. §1692k(a)(2)(A);

    c.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiffs pursuant to 15 U.S.C. §1693k(a)(3); and

    d.    Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, KATHRYN JOY, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

*/s/Angela K. Troccoli*
Angela K. Troccoli, Esquire, #ct28597
Kimmel & Silverman, P.C.
*The New England Office*
136 Main Street, Suite 301
Danielson, CT 06239
(860) 866-4380
atroccoli@creditlaw.com

DATED: November 10, 2015